**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*FILED*

*SEP 1 5 2006*

*JUDGE VIRGINIA M. KENDALL*
*U.S DISTRICT COURT*

| | |
|---|---|
| Reinke Gypsum Supply Co., Inc. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:05-cv-07264 |
| Capital Development Board et al., | ) Hon. Virginia M. Kendall |
| Defendants. | ) |
| | ) |
| Vacala Construction, Inc. | ) |
| Counter-Plaintiff/ Third-Party Plaintiff | ) |
| v. | ) |
| Reinke Gypsum Supply Co., Inc. et al | ) |
| Counter-Defendant | ) |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of September _15_, 2006, by and between Vacala Construction, Inc., Reinke Gypsum Supply Company, Inc., Sices Material Products, Inc., Hoge-Warren-Zimmerman Co. d/b/a Central Accoustical Supply House, and the United States Internal Revenue Service ("IRS").

### RECITALS

1.     Inca Construction System, Inc. ("Inca"), as subcontractor, entered into two construction subcontracts ("Subcontracts") with Vacala Construction, Inc. ("Vacala"), as prime contractor, for the Chicago State University New Library Project (the "Project").

2.     Vacala is a prime contractor for the Project. The Owner of the Project is the Illinois Capital Development Board (the "CDB"). Vacala posted a payment bond through Vacala's Surety, National Fire Insurance Company.

1

3. Inca entered into various sub-subcontracts and purchase orders to assist in satisfying Inca's obligations under the Subcontracts. Sub-subcontractors and suppliers have statutory mechanics lien and payment bond rights concerning labor and materials supplied to the Project.

4. Vacala has the right to make good on Inca's deficiencies toward its suppliers by deducting the cost thereof from the payments then or thereafter due.

5. Three of Inca's suppliers filed suit upon mechanics lien and payment bond claims because Inca did not pay them. These suppliers include Reinke Gypsum Supply Co., Inc., Sices Material Products, Inc. and Hoge-Warren-Zimmerman Co. d/b/a Central Accoustical Supply House (the "Suppliers"). The Suppliers' lawsuits are as follows:

a. Central Accoustical Supply House, Case No. 05 CH 12852 (Cook County, IL) ("CASH Action");
b. Reinke Gypsum Supply Co., Case No. 05 CH 13940 (Cook County, IL) ("Reinke Action"); and
c. Sices Material Products, Inc., Case No. 05 CH 16133 (Cook County, IL) ("Sices Action").

6. The United States concedes that Vacala is entitled to withhold $150,195.25 from Inca in order to pay suppliers.

7. By motion presented July 18, 2006 in *In re Inca Construction System, Inc.*, Case No. 06-05341 (Chapter 7, Bankr. N.D. Ill.), Vacala requested Hon. Eugene R. Wedoff to enter an order confirming Vacala's rights to directly pay the Suppliers. Judge Wedoff denied Vacala's motion as unnecessary.

8. There are no future amounts to become due to Inca from Vacala.

9. Should an Inca supplier file suit against Vacala in the future, Vacala and the IRS each reserve the right to deny liability, claim priority, and assert defenses.

10. The Parties wish to settle their disputes to avoid the cost of further litigation.

NOW, THEREFORE, in consideration of the foregoing recitals and of the mutual undertakings herein contained, it is hereby agreed:

A. Subject to prior receipt by Vacala of waivers of lien, payment bond and payment claims by the Suppliers in the form attached hereto and of dismissal orders dismissing their respective actions

2

with prejudice, Vacala shall, within thirty days of the date of this agreement, pay the following amounts to the following sub-subcontractors and suppliers of Inca:

| | | |
|---|---|---|
| (a) | Reinke Gypsum Supply Co., Inc.: | $59,208.10 |
| (b) | Sices Material Products, Inc.: | $42,600.83 |
| (c) | Hoge-Warren-Zimmerman Co. d/b/a Central Accoustical Supply House: | $48,386.32 |
| | | $150,195.25 |

The IRS hereby expressly consents to Vacala's making of the payments set forth in A(a) through A(c), and the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties, for payment of any of the amounts set forth in A(a) through A(c).

B.    Subject to prior receipt by Vacala of a dismissal order dismissing its action with prejudice and the IRS obtaining approval in Inca's bankruptcy case, Vacala shall, within thirty days of the order in Inca's bankruptcy case becoming final and nonappealable, pay $12,316.19 to the IRS. Subject to receipt of payment in the amount of $12,316.19, the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties.

C.    This Agreement may be signed by the Parties in counterpart and shall be as binding as if signed together. Facsimile copies of the signed counterparts shall be deemed to be authentic and valid as an original of this Agreement.

Dated: September 15, 2006

Reinke Gypsum Supply Co.

By: Donald D. Olson

Its: Chief Financial Officer

Sices Material Products, Inc.

By: _____

Its: _____

Hoge-Warren-Zimmerman Co. d/b/a
Central Accoustical Supply House,

By: _____

Its: _____

United States Internal Revenue Service

By: _____

Its: _____

3

with prejudice, Vacala shall, within thirty days of the date of this agreement, pay the following amounts to the following sub-subcontractors and suppliers of Inca:

| | | |
|---|---|---|
| (a) | Reinke Gypsum Supply Co., Inc.: | $59,208.10 |
| (b) | Sices Material Products, Inc.: | $42,600.83 |
| (c) | Hoge-Warren-Zimmerman Co. d/b/a Central Acoustical Supply House: | $48,386.32 |
| | | $150,195.25 |

The IRS hereby expressly consents to Vacala's making of the payments set forth in A(a) through A(c), and the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties, for payment of any of the amounts set forth in A(a) through A(c).

      B.    Subject to prior receipt by Vacala of a dismissal order dismissing its action with prejudice and the IRS obtaining approval in Inca's bankruptcy case, Vacala shall, within thirty days of the order in Inca's bankruptcy case becoming final and nonappealable, pay $12,316.19 to the IRS. Subject to receipt of payment in the amount of $12,316.19, the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties.

      C.    This Agreement may be signed by the Parties in counterpart and shall be as binding as if signed together. Facsimile copies of the signed counterparts shall be deemed to be authentic and valid as an original of this Agreement.

Dated: _____ \_\_\_\_, 2006

Reinke Gypsum Supply Co.

By: _____

Its: _____

Sices Material Products, Inc.

By: _____

Its: _____

Hoge-Warren-Zimmerman Co. d/b/a
Central Acoustical Supply House,

By: _Michael J. Hyn_

Its: _Attorney and
Authorized Agent_

United States Internal Revenue Service

By: _____

Its: _____

3

with prejudice, Vacala shall, within thirty days of the date of this agreement, pay the following amounts to the following sub-subcontractors and suppliers of Inca:

| | | |
|---|---|---|
| (a) | Reinke Gypsum Supply Co., Inc.: | $59,208.10 |
| (b) | Sices Material Products, Inc.: | $42,600.83 |
| (c) | Hoge-Warren-Zimmerman Co. d/b/a Central Accoustical Supply House: | $48,386.32 |
| | | $150,195.25 |

The IRS hereby expressly consents to Vacala's making of the payments set forth in A(a) through A(c), and the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties, for payment of any of the amounts set forth in A(a) through A(c).

B. Subject to prior receipt by Vacala of a dismissal order dismissing its action with prejudice and the IRS obtaining approval in Inca's bankruptcy case, Vacala shall, within thirty days of the order in Inca's bankruptcy case becoming final and nonappealable, pay $12,316.19 to the IRS. Subject to receipt of payment in the amount of $12,316.19, the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly through Inca or any other person or entity, may have against Vacala, its officers, directors, agents, employees, attorneys, or sureties.

C. This Agreement may be signed by the Parties in counterpart and shall be as binding as if signed together. Facsimile copies of the signed counterparts shall be deemed to be authentic and valid as an original of this Agreement.

Dated: _____, 2006

Reinke Gypsum Supply Co.

By: _____

Its: _____

Hoge-Warren-Zimmerman Co. d/b/a
Central Accoustical Supply House,

By: _____

Its: _____

Sices Material Products, Inc.

By: _____

Its: Vice President

United States Internal Revenue Service

By: _____

Its: _____

3

with prejudice, Vacala shall, within thirty days of the date of this agreement, pay the following amounts
to the following sub-subcontractors and suppliers of Inca:

| | | |
|---|---|---|
| (a) | Reinke Gypsum Supply Co., Inc.: | $59,208.10 |
| (b) | Sices Material Products, Inc.: | $42,600.83 |
| (c) | Hoge-Warren-Zimmerman Co. | |
| | d/b/a Central Accoustical Supply House: | $48,386.32 |
| | | $150,195.25 |

The IRS hereby expressly consents to Vacala's making of the payments set forth in A(a) through A(c),
and the IRS waives, releases and discharges any claim, cause or action that the IRS directly, or indirectly
through Inca or any other person or entity, may have against Vacala, its officers, directors, agents,
employees, attorneys, or sureties, for payment of any of the amounts set forth in A(a) through A(c).

    B.     Subject to prior receipt by Vacala of a dismissal order dismissing its action with prejudice
and the IRS obtaining approval in Inca's bankruptcy case, Vacala shall, within thirty days of the order in
Inca's bankruptcy case becoming final and nonappealable, pay $12,316.19 to the IRS. Subject to receipt
of payment in the amount of $12,316.19, the IRS waives, releases and discharges any claim, cause or
action that the IRS directly, or indirectly through Inca or any other person or entity, may have against
Vacala, its officers, directors, agents, employees, attorneys, or sureties.

    C.     This Agreement may be signed by the Parties in counterpart and shall be as binding as if
signed together. Facsimile copies of the signed counterparts shall be deemed to be authentic and valid as
an original of this Agreement.

Dated: \_\_\_\_\_ \_\_\_\_\_, 2006

Reinke Gypsum Supply Co.

By: _____

Its: _____

Hoge-Warren-Zimmerman Co. d/b/a
Central Accoustical Supply House,

By: _____

Its: _____

Sices Material Products, Inc.

By: _____

Its: _____

United States Internal Revenue Service

By: _____

Its: Dept. of Justice, Tax Division
Trial Attorney

3

Vacala Construction Inc.

By: _____

Its: *PRESIDENT*

4